IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONTAVIUS LEVERING,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DISTRICT 41 OF OMAHA, POLICE CHIEF O.PD., and OFFICER BRADFORD,<br><br>　　　　　　Defendants. | **8:23CV527**<br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the Court on Plaintiff Dontavius Levering's Complaint filed on November 27, 2023. Filing No. 1. Plaintiff is currently incarcerated at the Omaha Correctional Center. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## I. SUMMARY OF COMPLAINT

　　Plaintiff has sued District 41 of Omaha,[1] the Police Chief of the Omaha Police Department (hereafter OPD Police Chief), and OPD Officer Bradford (hereinafter "Officer Blandford"),[2] all in both their official and individual capacities. Plaintiff alleges the following as his "Statement of Claim":

　　On October 31, 2022, Plaintiff was driving in Northeast Omaha and turned the wrong way on a street. The street was typically open but, on this evening, an annual Halloween event was taking place, and the street was

---

[1] The Court assumes "District 41 of Omaha" refers to Patrol District 41 within the Northeast Precinct of the Omaha Police Department.

[2] Based on the news article filed by Plaintiff, "Officer Bradford" is actually Bryson Blandford. Filing No. 8 at 2.

barricaded. Plaintiff hit the brakes and honked his horn to warn pedestrians of his approach. While he was attempting to stop, Officer Blandford shot him in the face and shoulder, causing serious injuries which required surgery. Plaintiff alleges the officer used excessive force, causing severe injuries. He seeks an award of damages. Filing No. 1 at 3-5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the

essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983, arguing the defendants violated his Fourth Amendment rights by using excessive force during his arrest. To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Plaintiff's complaint fails to state a claim against District 41 of Omaha, and the OPD Police Chief and Officer Blandford in their official capacities. Plaintiff's complaint also fails to state a claim against the OPD Police Chief in his individual capacity. Plaintiff's complaint does allege facts supporting the essential elements of an excessive force claim against Officer Blandford in his individual capacity.

### A. Claims Against the City of Omaha

Plaintiff has sued "District 41 of Omaha," a patrol unit within OPD's Northeast precinct. Whether a party, other than an individual or a corporation, has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b). Under Nebraska law, cities of the metropolitan class may sue and be sued, Neb. Rev. Stat. § 14–101, but not city police departments. A city police department is an agency of the city and has

no separate legal status under Nebraska law. *Hood-Bey v. Brown*, No. 8:24CV474, 2025 WL 1167837, at *12 (D. Neb. Apr. 22, 2025) (collecting cases). So, the City of Omaha, not the Omaha Police Department (or its specific patrol unit, District 41 of Omaha), is the proper defendant for Plaintiff's claim against District 41 of Omaha.

Plaintiff has also sued the OPD Police Chief and Officer Blandford in their official capacities. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). Therefore, like Plaintiff's claim against District 41 of Omaha, his claims against the OPD Police Chief and Officer Blandford, in their official capacities, is a lawsuit against the City of Omaha.

To state a claim under 42 U.S.C. § 1983 against the City of Omaha, Plaintiff must identify a governmental policy or custom that was the "moving force" behind a constitutional violation that caused Plaintiff's alleged injury. *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Plaintiff's complaint does not allege the existence of any City of Omaha policy or custom that caused Plaintiff's injury. Therefore, Plaintiff's claims against District 41 of Omaha, and the OPD Police Chief and Officer Blandford, in their official capacities, must be dismissed.

## B. Individual Capacity Claims against the OPD Police Chief and Officer Blandford

Plaintiff has named the OPD Police Chief and Officer Blandford, in their individual capacities, as defendants. But the OPD Police Chief is not mentioned in the complaint's factual allegations. Plaintiff may be alleging that a police chief is responsible for the actions and inactions of the police department's officers, but to state a § 1983 claim, a plaintiff must allege that

the defendant was personally involved in or had direct responsibility for incidents that resulted in injury. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). "It is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). Since there are no allegations that the OPD Police Chief was personally involved in the shooting incident which injured Plaintiff on October 31, 2022, Plaintiff's claims against him must be dismissed.

Plaintiff's complaint alleges that Officer Blandford shot Plaintiff on October 31, 2022, and this use of deadly force violated Plaintiff's Fourth Amendment rights. To state an excessive force claim, a plaintiff must allege that (1) he was seized within the meaning of the Fourth Amendment, and (2) the officer's use of force was objectively unreasonable given the facts and circumstances of the incident as judged from the perspective of a reasonable officer on the scene, and without regard to the officer's underlying intent or motivation. *Deezia v. City of Lincoln*, 350 F. Supp. 3d 868, 883 (D. Neb. 2018) (citing *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015); *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013)). Apprehension by deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment. *Arnold v. McClinton*, 112 F.4th 598, 602 (8th Cir. 2024) (citing *Tennessee v. Garner*, 471 U.S. 1, 7 (1985)). Determining whether the use of force was objectively reasonable requires consideration of the totality of the circumstances, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officer or others, and whether the suspect was actively fleeing or resisting arrest. *Id*.

Liberally construed, Plaintiff alleges he turned the wrong way onto a barricaded Omaha Street that was usually open. He claims he then saw a group of people, and while honking his horn as a warning and braking to stop,

he was shot by Officer Blandford, resulting in severe injuries. *See* Filing No. 1. Plaintiff alleges he committed a traffic violation, Officer Blandford responded by using deadly force to seize Plaintiff, the use of deadly force to perform a traffic stop was unreasonable, and as a result of the officer's use of excessive force, Plaintiff was injured. Assuming the truth of Plaintiff's allegations, Plaintiff has sufficiently pleaded a § 1983 claim for the use of excessive force against Officer Blandford in his individual capacity.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's complaint against District 41 of Omaha, the OPD Police Chief, in his official and individual capacities, and Officer Blandford, in his official capacity, must be dismissed. Plaintiff's complaint adequately states a Fourth Amendment excessive force claim for recovery of damages against Officer Blandford, in his individual capacity.

Accordingly,

IT IS ORDERED

1. Only Plaintiff's Fourth Amendment excessive force claim against Officer Blandford, in his individual capacity, may proceed.

2. Plaintiff's claims against District 41 of Omaha, the OPD Police Chief, in his official and individual capacities, and Officer Blandford, in his official capacity, are dismissed.

3. The Clerk of Court is directed to terminate "District 41 of Omaha" and "Police Chief O.PD." as defendants in this case. The Clerk of Court is further

directed to update the caption to reflect that "Officer Bryson Blandford, in his individual capacity," is the sole defendant.

4. For service of process on Officer Bryson Blandford in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Officer Bryson Blandford using the following address "Omaha Police Department, 505 S. 15th St, Omaha, NE 68102," and forward them together with a copy of the Complaint, Filing No. 1, and a copy of this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Officer Blandford in his individual capacity by certified mail or other authorized method of service at the Omaha Police Department address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

6. For service by certified mail or designated delivery service, the Marshals Service shall serve Defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Officer Blandford.

9. Plaintiff is hereby notified that failure to obtain service of process on Blandford within 90 days of the date of this order may result in dismissal of

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

7

this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **November 6, 2025**: service of process to be completed.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 8th day of August, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge